**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TIMOTHY BLACKBURN,

    Plaintiff,

v.                                                   Case No. 8:23-cv-815-TPB-AAS

CMR CONSTRUCTION &
ROOFING, LLC and CMR
CONSTRUCTION & ROOFING
OF TEXAS, LLC,

    Defendants.
_____/

**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM**

This matter is before the Court on "Plaintiff/Counterclaim Defendant's Motion to Dismiss Counterclaim," filed on June 1, 2023. (Doc. 13). Defendants filed a memorandum in opposition to the motion on June 15, 2023. (Doc. 17). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

Plaintiff Timothy Blackburn sued Defendants CMR Construction & Roofing, LLC and CMR Construction & Roofing of Texas, LLC, for breach of contract and unpaid wages. Plaintiff alleges Defendants employed him as an estimator on construction projects from February 2021 to December 2022. Defendants promised to pay Plaintiff a salary plus an estimator fee based on the gross value of projects awarded for which he was the estimator. Plaintiff alleges he performed his job, but Defendants failed to pay him the estimator fees owed for certain projects as well as

salary from his last pay period. Defendants counterclaimed against Plaintiff for breach of contract, alleging that Plaintiff failed to perform as required under the employment contract. Plaintiff moves to dismiss the counterclaim for failure to state a claim.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic*

*Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Plaintiff argues that the counterclaim must be dismissed because an employer generally cannot sue an employee for poor job performance or for lost profits. Defendants argue in response that they are not asserting a simple contract claim for "poor job performance." Rather, they argue, Plaintiff acted as their agent, and in that capacity he intentionally failed to properly estimate projects in order to increase his own commissions.

The counterclaim itself, however, contains no allegations of agency or intentional misconduct, and the legal sufficiency of a pleading must be determined by the allegations within its four corners, not the argument of counsel. *See, e.g., OCR Solutions, Inc. v. CharacTell, Inc.*, No. 6:17-cv-709-Orl-28DCI, 2018 WL 11407326, at *2 (M.D. Fla. Mar. 15, 2018). The Court accordingly will dismiss the counterclaim with leave to replead so that Defendants can include factual allegations that mirror the arguments they make in opposing dismissal, if they can do so in good faith. If Defendants file an amended counterclaim, Plaintiff may raise any arguments he has regarding its legal sufficiency, including the arguments presented in Plaintiff's current motion to dismiss, to the extent applicable.

In any repleading, Defendants should also bear in mind that a claim for contractual breach requires allegations of the contractual duty undertaken and breach of that duty. *See, e.g., Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58

(Fla. 4th DCA 2008) ("In contract actions, the complaint must allege the execution of the contract, the obligation thereby assumed, and the breach.") (quoting *Indus. Med. Pub. Co. v. Colonial Press of Miami, Inc.,* 181 So.2d 19, 20 (Fla. 3d DCA 1966)); *Dish Network L.L.C. v. Fraifer*, No. 8:16-cv-2549-T-17TBM, 2017 WL 3701141, at *3 (M.D. Fla. July 21, 2017) (dismissing breach of contract claim that failed to identify the provision breached). The counterclaim as drafted lacks sufficient allegations of legal duty and breach. It alleges representations made by Plaintiff as to his skill and knowledge, but does not allege the representations were false. It is unclear what Defendants mean by the allegation that Plaintiff failed to "perform these requirements." Therefore, the counterclaim is due to be dismissed without prejudice, with leave to replead.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff/Counterclaim Defendant's Motion to Dismiss Counterclaim" (Doc. 13) is **GRANTED**.

2. Defendants' counterclaim (Doc. 10) is **DISMISSED WITHOUT PREJUDICE** with leave to replead.

3. Defendants are directed to file an amended counterclaim that corrects the deficiencies identified in this Order on or before July 12, 2023. Failure to file an amended counterclaim as directed will result in dismissal of the

counterclaim with prejudice without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of June, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**